UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

KEVIN DOWELL                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:15-CV-P173-TBR

FULTON COUNTY
JAIL OFFICERS *et al*.                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This is a *pro se* civil rights action brought by prisoner Kevin Dowell pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part, and the Court will allow Plaintiff to amend his claims.

      I.      **FACTUAL ALLEGATIONS**

      In his Complaint (DN 1), Plaintiff makes allegations regarding his confinement at the Fulton County (Kentucky) Jail. He brings suit against Jailer Ricky Parnell (Defendant Parnell) and Deputy/Road Crew Officer Joe Taylor (Defendant Taylor) in both their official and individual capacities.[1] He also names "Fulton County Jail Officers" in the caption of his Complaint. The Court construes this as meaning that Plaintiff also would like to bring suit against the two additional officers he mentions in his Complaint - "Deputy Rick" and "Officer Courtney." To the extent that this may be true, the Plaintiff must so amend his Complaint to name them specifically, as advised below.

---

[1] The Court also notes that Plaintiff's official-capacity claims against both Defendants are actually claims against Fulton County. This is because "[o]fficial-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Plaintiff alleges that he was injured on May 9, 2015, while on a work crew led by Defendant Taylor. The work crew had been tasked with cutting down trees. Plaintiff alleges that Defendant Taylor told him to cut down four small trees. Plaintiff alleges that the first tree he cut did not fall so he cut a second tree which fell to the ground. He alleges that Defendant Taylor then insisted that he cut the second tree in half even though Plaintiff told him that the tree would "jackknife up the saw" since it was "light-weighted." Plaintiff alleges that Defendant Taylor replied, "You either cut it or I will fire your ass and take you back to the Jail." Plaintiff alleges that he then attempted to cut the tree in half while Defendant Taylor held it. Plaintiff alleges that when he did so, "the tree jackknifed up the saw and the saw went through [his] shoe and down into [his] left foot." Plaintiff alleges that he fell to the ground screaming that he had cut his foot but that Defendant Taylor replied, "ain't nothing wrong with you get your ass up and get back to work." Plaintiff alleges that he again told Defendant Taylor that he had cut his foot and that Defendant Taylor first called Chief Deputy Jeff Johnson and then an ambulance. Plaintiff alleges that when he arrived at the hospital, Defendant Parnell showed up. He alleges that he asked Defendant Parnell if he could call his family and tell them about his injury but that Defendant Parnell said "no."

Plaintiff alleges that the hospital doctor, Dr. Jessica Little, told him that the chainsaw had cut off one-third of his big toe and cut tendons and hit nerves. He alleges that Dr. Little also told the jail nurse that Plaintiff would always be in pain due to the nature of his injury and prescribed him pain medicine to take while he was in jail. Plaintiff alleges that he received pain medication for ten days but that Defendant Parnell then told the jail nurse that he was not to receive any more. Plaintiff further alleges that he saw Dr. Little "every Monday from May 19th to the 2nd Monday in July" and that Defendant Parnell told him that if he told Dr. Little he was in pain

when he saw her, Defendant Parnell would "put [him] in isolation until [he] goes home." Plaintiff further alleges that at one of his appointments with Dr. Little, she asked him whether he was in pain and he had "to beat around the bush" because "Deputy Rick" was recording him and was going to tell Defendant Parnell if Plaintiff told Dr. Little he was still in pain. Plaintiff alleges that Dr. Little told him that it was okay for him to tell her if he was still in pain and that she told "Deputy Rick" that Plaintiff needed pain medication and that she was going to prescribe him a weaker dosage. Plaintiff alleges that he never received this prescription. Plaintiff also alleges that after jail officials stopped providing him with pain medication, he filled out "med slips" for "pain medicine" but "they all came up missing."

Finally Plaintiff alleges that Defendant Parnell threatened him and told him: "F*** you, you stupid mother-f***ing nigger. You will never work in my jail again dumb ass moon cricket." Plaintiff alleges that Defendant Parnell also told him that he had "beat up a black mother***er inmate last year and he attempted to sue me and didn't get shit what makes you think you are bitch get the f*** out of my face." Plaintiff alleges that Defendant Parnell also told him that he could "make me disappear and my whole family will never find me again." Plaintiff seeks monetary and punitive damages and the payment of any hospital and/or medical bills related to the allegations in his Complaint.

## II.     STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a § 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

##### 1. Eighth Amendment Violations

The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." An Eighth Amendment claim has two components, one objective, one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

###### a. Deliberate Indifference to Safety – Hazardous Working Conditions

In his Complaint, Plaintiff also alleges that he was placed in a dangerous work environment by Defendants Parnell and Taylor. He further alleges that because of his placement in this dangerous work environment, he was seriously injured by a chainsaw. Based on these

5

allegations and related information in the Complaint, the Court is construing Plaintiff's Complaint as alleging Eighth Amendment claims against Defendants Parnell and Taylor in their official and individual capacities for placing him in hazardous working conditions. For purposes of any § 1983 claims, the Court construes Plaintiff's assertion that *he* was not properly trained to use a chainsaw to cut down trees as part of his hazardous working condition claim.

Although the Sixth Circuit has not addressed claims related to the hazardous working conditions of inmates, other circuits have held that the Eighth Amendment is implicated when prisoners are forced to perform physical labor which is "beyond their strength, endangers their lives, or causes undue pain." *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983); *see also Middlebrook v. Tennessee*, 2008 U.S. Dist. LEXIS 37680 at *33 (W.D. Tenn. 2008) (citing *Morgan v. Morgenson*, 465 F.3d 1041, 1045 (9th Cir. 2006)).

Based on the above, the Court will allow the official and individual-capacity claims against Defendants Parnell and Taylor for placing him in hazardous working conditions to go forward at this time.

### b. Deliberate Indifference to Safety - Failure to Train Jails Officials

In his Complaint, Plaintiff indicates that he is also making a claim against Defendant Parnell for failing to ensure that Defendant Taylor was properly trained to supervise inmates who were assigned to cut down trees with chainsaws.

In the Sixth Circuit, under a "failure to train" theory of municipal liability, "a plaintiff must show that (1) a training program is inadequate to the tasks that the officers must perform; (2) the inadequacy is the result of the municipality's deliberate indifference; and (3) the inadequacy is closely related to or actually caused the plaintiff's injury." *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir.2008) (citing *City of Canton v. Harris*, 489 U.S. 378, 389-

91) (internal quotation marks omitted). "[D]eliberate indifference can be demonstrated in two ways: through evidence of prior instances of unconstitutional conduct demonstrating that the municipality had notice that the training was deficient and likely to cause injury but ignored it, *or* through evidence of a single violation of federal rights, accompanied by a showing that the municipality had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 942 (M.D. Tenn. 2012) (citing *Harvey v. Campbell Cnty., Tenn.*, 453 Fed. App'x 557, 562-63 (6th Cir. 2011)) (emphasis added).

For individual liability on a failure-to-train or supervise theory, the defendant supervisor must be found to have "encouraged the specific incident of misconduct or in some other way directly participated in it." *Essex v. County of Livingston*, 518 Fed. Appx. 351, 355 (6th Cir. 2013) ((quoting *Phillips v. Roane Cnty.,* 534 F.3d 531, 543 (6th Cir. 2008) (quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)).

Based on the above, the Court will allow the official and individual-capacity claims against Defendant Parnell for failing to ensure that jail officials were properly trained to supervise inmates using chainsaws to go forward at this time.

### c. Deliberate Indifference to a Serious Medical Need

In his Complaint, Plaintiff also alleges that Defendants Parnell and Taylor failed to provide him with adequate medical care. He specifically alleges that Defendant Taylor declined to call an ambulance after he was injured until he first spoke to Chief Deputy Jeff Johnson. He also alleges that Defendant Taylor did not even know where the inmates were working when he was injured and that Defendant Taylor had to have another inmate provide directions to the site for the ambulance.

With regard to Defendant Parnell, Plaintiff alleges that he refused to let him contact his family from the hospital to let them know that he was injured. He also alleges that Defendant Parnell told the jail nurse not to provide him with pain medication and told him that if Plaintiff told his doctor that he needed more pain medication, Defendant Parnell would place Plaintiff in "isolation" until Plaintiff went home. He further alleges that a "Deputy Rick" recorded his conversations with his doctor to make sure Plaintiff did not tell her that he needed more pain medication.

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted)). A deliberate-indifference inquiry has two components, one objective and one subjective. A plaintiff satisfies the objective component by proving that he has a medical need that is "sufficiently serious." *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)). "A "serious medical need" exists where, objectively, the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). A plaintiff satisfies the subjective component by proving "facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*. (citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). In short, "[d]eliberate indifference is the reckless disregard of a substantial risk of serious harm[.]" *Id*. (quoting *Wright v. Taylor*, 79 F. App'x 829, 831 (6th Cir. 2003)).

Based on the above, the Court will allow the official and individual-capacity claims against Defendants Parnell and Taylor for deliberate indifference to a serious medical need to go forward at this time. The Court also notes that Plaintiff has not named "Deputy Rick" as a Defendant. The Court will allow Plaintiff to amend his Complaint to name "Deputy Rick" as a Defendant and sue him in his individual capacity if he so desires.

The Court notes that Plaintiff also makes allegations concerning his pain medication against an "Officer Courtney." The Court, however, does fully understand these allegations. The Court will allow Plaintiff to amend his Complaint to name "Officer Courtney" as a Defendant and sue her in her individual capacity if he so desires. If Plaintiff so amends, he should clarify his allegations regarding her actions so the Court can determine whether he has stated a claim against her.

### d. Verbal Abuse, Harassment, and Threats

In his Complaint, Plaintiff makes alleges that Defendant Parnell verbally abused, harassed, and threatened him. The Court will allow the claims against Defendant Parnell for verbal abuse, harassment, and threats to go forward at this time.

### 2. First Amendment Violation

Finally, Plaintiff alleges that Defendant Parnell (and possibly "Officer Rick") violated his First Amendment rights to free speech by attempting to prevent him from telling his doctor that he was in pain. The general rule is that a prison inmate's speech is not by protected by the First Amendment if it is "inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Griffin v. Berghuis*, 563 Fed. Appx. 411, 415 (6th Cir. 2014)(quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). At this juncture, it is not clear how Plaintiff's alleged attempted communications with his doctor regarding his pain levels would be

9

inconsistent with his status as a prisoner or the legitimate penological objectives of the corrections system.  For this reason, the Court will allow Plaintiff's First Amendment claims against Defendant Parnell to go forward at this time.

### B.  State-Law Claims

To the extent that Plaintiff has alleged state- law claims under K.R.S. § 441.125 against Defendants Parnell and Taylor, the Court will allow them to go forward at this time.

### IV.   ORDER

For the foregoing reasons,

**IT IS ORDERED** that all claims against Defendant Parnell and Taylor **shall continue** beyond initial review.  The Court will not direct service on Defendants until after it reviews any Amended Complaint Plaintiff may file.

**IT IS FURTHER ORDERED** that within **30 days** from entry of this Memorandum Opinion and Order, Plaintiff may amend his Complaint to 1) name "Deputy Rick" as a Defendant and sue him in his individual capacity; 2) name "Officer Courtney" as a Defendant, sue her in her individual capacity, and clarify his allegations regarding her actions so the Court can determine whether he has stated a claim against her; 3) allege any other facts related to his original claims.

The **Clerk of Court is DIRECTED** to write the instant case number and "Amended" on a § 1983 complaint form and send it, along with two blank summons forms, to Plaintiff for his completion should he choose to file an Amended Complaint.  **Should Plaintiff fail to file an Amended Complaint against "Deputy Rick" or "Officer Courtney," the Court will not consider these individuals to be Defendants and will not consider any claims against them.**

Date:


cc:	Plaintiff, *pro se*
	Defendants
	Fulton County Attorney
4413.011