UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**KEVIN DOWELL**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 5:15-CV-P173-TBR**

**FULTON COUNTY**
**JAIL OFFICERS** *et al*.  **DEFENDANTS**

### MEMORANDUM OPINION

Upon filing the instant action, Plaintiff, who is proceeding *pro se*, assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.")

In accordance with 28 U.S.C. § 1915A, the Court conducted an initial review of Plaintiff's complaint and, by Memorandum Opinion and Order entered December 2, 2015, the Court allowed certain of Plaintiff's claims to proceed beyond initial review and also offered him the opportunity to amend his complaint (DN 8). On December 14, 2015, the United States Postal Service returned Plaintiff's copy of that Memorandum Opinion and Order to the Court with the returned envelope marked "RETURN TO SENDER, UNABLE TO FORWARD, UNABLE TO FORWARD, RETURN TO SENDER" (DN 9). A handwritten notation on the envelope indicates that Plaintiff is "No longer here." Over a month has passed without Plaintiff providing any notice of an address change. Therefore, neither orders from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.") "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

      Because Plaintiff has failed to file a notice of change of address, the Court concludes that he has abandoned any interest in prosecuting this case, and the Court will dismiss the action by separate Order.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       Fulton County Attorney
4413.011